Steven G. Jones, (920751)
HOLLAND & HART, LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Fax: (801) 799-5700
SGJones@hollandhart.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON, EUGENE DIVISION

| | |
|---|---|
| RI KY ROOFING & SHEET METAL, LLC, an Oregon limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>DTL BUILDERS, INC., a Utah corporation, and THE CINCINNATI INSURANCE COMPANY, an Ohio surety,<br><br>    Defendants. | **NOTICE OF REMOVAL**<br><br>Case No. 6:17-cv-1592<br><br>Judge _____ |

      Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant DTL Builders, Inc. ("DTL") hereby removes this action from the Twenty-Third Judicial District Court, in and for Linn County, State of Oregon, where it is now pending, to the United States District Court for the District of Oregon, Eugene Division. DTL states the following grounds for removal:

      1.      On or about June 13, 2017, plaintiff Ri Ky Roofing & Sheet Metal ("Ri Ky") filed its First Amended Complaint for Foreclosure, Breach of Contract, and Quantum Meruit ("First

Amended Complaint") in the Twenty-Third Judicial District Court, in and for Linn County, State of Oregon, captioned *Ri Ky Roofing & Sheet Metal, LLC v. DTL Builders, Inc., et al.*, Case No. 17CV23952 ("State Action").  A copy of the Ri Ky's First Amended Complaint is attached as Exhibit A.

2. DTL was served with a copy of the First Amended Complaint in the State Action on or about June 13, 2017.

3. Thereafter, the undersigned counsel appeared in the State Action as counsel for DTL.  *See* Notice of Appearance, attached as Exhibit B.

4. Before either of the defendants filed a responsive pleading to the First Amended Complaint, Ri Ky filed its Second Amended Complaint on September 11, 2017.  A copy of Ri Ky's Second Amended Complaint is attached as Exhibit C.

5. Counsel for Ri Ky sent a copy of the Second Amended Complaint to the undersigned counsel on September 13, 2017.  *See* 9/13/17 email correspondence from MaryAnn Ivie to Steven Jones, attached as Exhibit D.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties under the Second Amended Complaint, namely Ri Ky, DTL, and the Cincinnati Insurance Company ("CIC"), and because the amount in controversy exceeds $75,000, exclusive of interest and/or costs.  The Second Amended Complaint seeks damages through collecting against a mechanic's lien bond, as well as claims for breach of contract and quantum meruit.

a.  Ri Ky is a limited liability company organized and incorporated under the laws of the state of Oregon.  (Second Amended Complaint ¶ 1.)  Its principal place of business is in Oregon.  Accordingly, for purposes of diversity jurisdiction, Ri Ky is a citizen of the state of Oregon.

b.  DTL is a corporation organized and incorporated under the laws of the state of Utah.  (Second Amended Complaint ¶ 2.)  DTL's principal place of business is in Utah.  Accordingly, for purposes of diversity jurisdiction, DTL is a citizen of the state of Utah.

c.  CIC is a surety organized under the laws of the state of Ohio.  (Second Amended Complaint ¶ 3)  CIC's principal place of business is in Ohio.  Accordingly, for purposes of diversity jurisdiction, CIC is a citizen of the state of Ohio.

d.  Thus, there is complete diversity of citizenship between Ri Ky, DTL, and CIC as required by 28 U.S.C. § 1332(a).

e.  With respect to the amount in controversy, in its Second Amended Complaint, Ri Ky alleges damages in excess of $75,000.00.  *See* Second Amended Complaint, Pars. 19, 27-28, and Ex. 2, alleging damages in excess of $131,000.  Ri Ky was a subcontractor to DTL on the subject project and alleges that it is owed money for work performed on the project.

7.  CIC has not yet been served or otherwise appeared in the State Action.  Its consent to removal, therefore, is not necessary.  *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).  As DTL is the only other defendant, all defendants have consented to removal for purposes of 28 U.S.C. § 1446(b)(2)(A).

8. This Court is the District Court of the United States for the district and division embracing the place where the State Action is pending (*i.e.*, Linn County, Oregon), and is, therefore, the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

9. As required by 28 U.S.C. § 1446(a), attached hereto as Exhibits A, C, and D are copies of all process, pleadings, and orders served upon DTL in the State Action, which is comprised entirely of the Summons, the original First Amended Complaint, and the Second Amended Complaint. Attached hereto as Exhibit E is a copy of Defendant's Notice to State Court of Removal of Action to United States Federal District Court (excluding redundant attachments).

10. This Notice of Removal is timely filed within thirty (30) days of Ri Ky's filing the Second Amended Complaint, which is the first pleading in the State Action from which it may be ascertained that the case has become removable. *See* 28 U.S.C. §1446(b)(3). In Ri Ky's First Amended Complaint, Ri Ky named as a defendant Eva Ropp dba Waberly Land Management ("Eva Ropp"), an Oregon party. *See* Ex. A. As both Ri Ky and Eva Ropp are citizens of Oregon for purposes of diversity jurisdiction, removal was not permissible for lack of diversity until the Second Amended Complaint removed Eva Ropp as a defendant. 28 U.S.C. §1332(a). DTL has timely filed this Notice of Removal within thirty (30) days of Ri Ky's filing the Second Amended Complaint. 28 U.S.C. §1446(b)(3). This Notice of Removal is also filed not more than one year after commencement of this action in compliance with 28 U.S.C. §1446(c).

11. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Twenty-Third Judicial District Court of Linn County, State of Oregon.

WHEREFORE, DTL requests that this action, currently pending in the Twenty-third Judicial District Court of Linn County, State of Oregon, be removed to this Court, which shall assume full jurisdiction over it as provided by law.

Dated this 10th day of October , 2017.

                       HOLLAND & HART LLP

                       */s/ Steven G. Jones*
                       Steven G. Jones, OSB #920751
                       *Attorneys for DTL Builders, Inc.*

## CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury, under the laws of the United States, that the following is true and correct:

That on the 10th day of October, 2017, I electronically filed the foregoing document via ECF filing with the United States Court for the District of Oregon and served the parties to this action as follows:

>Darien S. Loiselle
>Schwabe, Williamson & Wyatt, P.C.
>Pacwest Center
>1211 SW 5th Ave., Suite 1900
>Portland, OR  97204
>dloiselle@schwabe.com

/s/ Christa L. Fries

10236637_1